Kenneth W. Welsh, Jr.  SBN 020953
John J. DeWitt, SBN 033065
**WELSH LAW GROUP, PLC**
11811 N. Tatum Blvd., Suite 2650
Phoenix, Arizona 85028
Telephone: (602) 569-0698
Facsimile:  (602) 595-0682
minuteentries@welshlawgroup.com
E-mail: Kwelsh@welshlawgroup.com  jdewitt@welshlawgroup.com
Attorneys for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 11 Case) |
| PHOENIX HELIPARTS, INC. | No. 2:15-BK-12003-DPC |
| Debtor. | Adv. No. 2:17-ap-00114-DPC |
| LOUIE MUKAI, CHAPTER 11 TRUSTEE, and PHOENIX HELIPARTS, INC. LIQUIDATION TRUST; | **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| DICKSTEIN SHAPIRO, LLP, a District of Columbia limited liability partnership; JOHN DOES I-V; JANE DOES I-V; BLACK CORPORATIONS I-V; WHITE PARTNERSHIPS I-V; | |
| Defendants. | |

Louie Mukai, Chapter 11 Trustee ("Trustee") and Phoenix Heliparts, Inc. Liquidation Trust ("Trust") (collectively "Plaintiffs"), by and through counsel undersigned, hereby allege the following:

**Parties and Jurisdiction**

1. This case was commenced by voluntary petition filed by Phoenix Heliparts, Inc. ("PHP" or "Debtor") under Chapter 11 of Title 11 on September 18, 2015 ("Petition

1. Date").

2. PHP is an Arizona corporation, duly authorized to do business in the State of Arizona.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to Federal Rules of Bankruptcy Procedure, Rule 7008, Plaintiff does consent to entry of final orders or judgment by the Bankruptcy Court.

5. Upon information and belief, Defendant Dickstein Shapiro, LLP ("Dickstein"), at all times relevant to the underlying facts, was a limited liability partnership registered in the District of Columbia.

6. Upon information and belief, Defendants John Does I-V are fictitious names whose true names are not known to Plaintiff at this time. Plaintiff requests permission to insert the true names of these Defendants at such time as the true names are discovered with the same effect as if such names had been set forth specifically herein.

7. Upon information and belief, Defendants Jane Does I-V are fictitious names whose true names are not known to Plaintiff at this time. Plaintiff requests permission to insert the true names of these Defendants at such time as the true names are discovered with the same effect as if such names had been set forth specifically herein.

8. Upon information and belief, Defendants Black Corporations I-V are fictitious names whose true names are not known to Plaintiff at this time. Plaintiff requests permission to insert the true names of these Defendants at such time as the true names are discovered with the same effect as if such names had been set forth specifically herein.

9. Upon information and belief, Defendants White Partnerships I-V are fictitious names whose true names are not known to Plaintiff at this time. Plaintiff requests permission to insert the true names of these Defendants at such time as the true names are discovered with the same effect as if such names had been set forth specifically herein.

10. Jurisdiction is proper pursuant to 28 U.S. Code § 157.

## General Allegations

11. Plaintiff reincorporates its arguments and allegations contained in Paragraphs 1-10 as though set forth fully herein.

12. On September 26, 2011, TKC Aerospace, Inc. ("TKCA"), an Alaska corporation, sued its former employee Charles Taylor Muhs ("Muhs") in the U.S. District Court of Alaska, case number 3:11-cv-00189 (the "Alaska Case").

13. On October 20, 2011, TKCA sued PHP in Superior Court of Maricopa County, Arizona, case number CV2011-018889 (the "Arizona Case").

14. Both the Alaska and the Arizona Cases alleged misappropriation of trade secrets and other claims relating to PHP's collusion with TKCA's former employee Muhs.

15. Defendant Dickstein represented Muhs in the Alaska case and PHP in the Arizona case.

16. Defendant Dickstein never obtained written consent from either Muhs or PHP regarding the dual representation.

17. Defendant Dickstein knew of and took possession of electronic devices and media from Muhs, containing discoverable information, on October 13, 2011.

18. Defendant Dickstein took possession of an external hard drive and an additional thumb drive from Muhs, but it did not identify either in PHP's initial disclosure statement served on November 18, 2011 in the Arizona Case.

19. Defendant Dickstein took possession of a laptop from Muhs, but Dickstein kept no written record of its receipt, did not record the laptop's serial number or any other identifying information, and did not maintain a chain of custody for the laptop after taking possession.

20. Defendant Dickstein did not produce contents of Muhs' external hard drive until the end of November 2012 in the Arizona Case.

//

21. Forensic analysis of the hard drive produced evidence of backdated files, metadata tampering, and multiple folders with last access dates of November 1, 2011; which was after Defendant Dickstein had taken physical possession from Muhs.

22. In the Arizona case, TKCA alleged misappropriation of trade secrets and other claims relating to PHP's collusion with TKCA former employee Muhs.

23. On January 30, 2015, in an Under Advisement Ruling, Arizona Superior Court Judge Sally Schneider Duncan entered judgment (the "Judgment") against PHP in the Arizona case in favor of TKCA. The Judgment also included sanctions against Defendant Dickstein.

24. In the Judgment, Judge Duncan found that Defendant Dickstein failed to implement basic safeguards when receiving and handling discovery it received from its clients.

25. Defendant Dickstein was found to have mismanaged electronic devices received from its clients and compromised the integrity of important information.

26. Defendant Dickstein was found to have violated Arizona Rules of Civil Procedure Rule 11 by continuing to argue a frivolous defense in bad faith and also Rule 37 by failing to disclose electronic devices obtained from its client Muhs.

27. Defendant Dickstein was found to have filed a frivolous Rule 11 motion against TKCA's counsel, Judge Duncan resolving that there was "no objectively reasonable explanation for Dickstein's behavior with respect to the Rule 11 motion."

28. Judge Duncan found that when Defendant Dickstein "disclosed devices in December 2012, the firm, by then, had knowingly withheld evidence for 8 months that would have negatively impacted PHP and would have necessarily helped TKCA."

29. Judge Duncan further ruled that "[n]otwithstanding Dickstein's negligence, the court remains convinced that Dickstein did not engage in intentional and willful misconduct."

30. Judge Duncan ordered Defendant Dickstein, as sanctions, to pay 20 percent of the reasonable fees and expenses set forth in the ruling against its client PHP.

## FIRST CAUSE OF ACTION

### (Professional Negligence / Legal Malpractice)

31. Plaintiff reincorporates its arguments and allegations contained in Paragraphs 1-29 as though set forth fully herein.

32. Defendant Dickstein owed PHP a duty to represent its client as a reasonably competent attorney would.

33. Defendant Dickstein's representation of PHP fell below that of a reasonably competent attorney, which constituted a breach of that duty.

34. Defendant Dickstein's breach was the actual and proximate cause of protracted litigation, additional expenses, attorneys' fees and costs to PHP.

35. Defendant Dickstein's breach caused actual harm to PHP in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty / Dual Representation / Conflict of Interest)

36. Plaintiff reincorporates its arguments and allegations contained in Paragraphs 1-35 as though set forth fully herein.

37. An attorney-client relationship existed between Defendant Dickstein and PHP. As PHP's legal counsel, Defendant Dickstein owed fiduciary duties to PHP.

38. By representing both Muhs and PHP, Defendant Dickstein breached its fiduciary duty to its clients, specifically PHP.

39. Defendant Dickstein's breach of its fiduciary duty was the actual and proximate cause of protracted litigation, additional expenses, attorneys' fees and costs to PHP.

//

**WELSH LAW GROUP, PLC**

40. Defendant Dickstein's breach caused actual harm to PHP in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Dickstein, as follows:

A. Disgorgement of Attorneys' fees paid to Defendant Dickstein by PHP in an amount determined just by the Court;

B. In the alternative, actual damages in an amount to be proven at trial;

C. For its reasonable attorneys' fees incurred;

D. For its costs incurred in this action;

E. For such other and further relief as the Court deems just and proper.

DATED this 30th day of January 2017.

                                     WELSH LAW GROUP, PLC

                                     By *John J. DeWitt*
                                           Kenneth W. Welsh, Jr.
                                           John J. DeWitt
                                           *Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system which will send notification of such filing to the CM/ECF registrants.

*Jennifer Arrington*

6

Case 2:17-ap-00114-DPC    Doc 1    Filed 01/30/17    Entered 01/30/17 12:53:38    Desc
Main Document    Page 6 of 6